UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN MCKENDRICK,

        Plaintiff,

v.

FANNIE MAE,

        Defendant.

_____/

Case No. 12-10730
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 7, 2012.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss [dkt 3].  The parties have fully briefed the motion.  Plaintiff filed a response to the Motion more than two months after the deadline to do so had lapsed, and Defendant has since timely replied.[1]  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument.  For the following reasons, Defendant's Motion is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

---

[1] In finding that Defendant will not be unfairly prejudiced, and in the interests of justice, the Court will consider the merits of Plaintiff's untimely response to the instant Motion.

## II. FACTUAL BACKGROUND

This is a consumer lending case brought in connection with property located at 7693 August Avenue, Westland, Michigan (the "Property"). On September 18, 2002, Plaintiff accepted a $161,500.00 loan ("Loan") from ABN AMRO Mortgage Group, Inc. ("ABN") to purchase the Property. Plaintiff's promise to pay is evidenced by a note ("Note"), which is secured by a mortgage on the Property ("Mortgage"). CitiMortgage, Inc. ("CMI") is the successor in interest to ABN.

In 2010, Plaintiff defaulted on her obligations under the Note. Upon Plaintiff's default, the Loan was referred to foreclosure. CMI purchased the Property at a September 15, 2010 sheriff's sale. On September 23, 2010, CMI quitclaimed the Property to Defendant FNMA. The statutory period to redeem the Property expired on March 15, 2011. Plaintiff failed to redeem the Property. FNMA initiated a Summary Eviction proceeding in the 18th District Court of Michigan, Case number 11-90540LT, and eventually obtained an Order of Eviction.

Plaintiff filed her Complaint in the Wayne County Circuit Court on or about December 21, 2011, more than nine months after the redemption period expired. Plaintiff's Complaint alleges improprieties concerning the foreclosure of the Property. Plaintiff requests, among other things, that this Court rescind the sheriff's Deed, require FNMA to modify her Loan or quiet title in her name, and award Plaintiff her costs and fees.

## III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992).

While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id*. at 556. *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

### A. PLAINTIFF'S DEFICIENT RESPONSE BRIEF

As an initial matter, the Court notes several deficiencies in Plaintiff's response. As noted, Plaintiff untimely filed her response to Defendant's Motion, and has yet to provide the Court with any explanation for this delay. Additionally, Plaintiff's arguments, viewed as whole, are conclusory in nature and devoid of factual support. In the interests of justice—notwithstanding Plaintiff's failures—the Court will nevertheless address Plaintiff's Complaint on the merits.

**B. STANDING**

Defendant asserts that Plaintiff lacks standing to assert any right to the property because, once the redemption period expired, Plaintiff's rights and title to the property were extinguished. The Court agrees.

In *Piotrowski v. State Land Office Bd.*, 302 Mich. 179 (1942), the Michigan Supreme Court held that mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption." *Id*. at 185. This standard has been applied by Michigan courts, and by federal courts applying Michigan law, to bar former owners from making any claims with respect to foreclosed property after the redemption period expires. *See e.g.*, *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *4 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009) (dismissing a former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo*, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010) (dismissing a plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec.15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings because redemption period had expired).

Moreover, Michigan law "does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of *fraud, or irregularity*." *Schulthies v. Barron*, 16 Mich. App. 246, 247–48 (1969) (emphasis added); *see also Sweet Air Inv., Inc., v. Kenney*, 275 Mich. App. 492, 497 (2007) ("The Michigan Supreme Court has held that it would

4

require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.") (internal quotations and citations omitted).

Here, the redemption period expired on March 15, 2011. Yet, Plaintiff did not file suit until December 2011—more than nine months after the redemption period had expired—and failed to plead any facts to show that she timely attempted to redeem the Property. As such, unless Plaintiff has made a clear showing of fraud or irregularity, no equitable extension of the redemption period is allowed and Plaintiff lacks standing to challenge the foreclosure of the Property. In that regard, Plaintiff has failed to demonstrate fraud and irregularity outside of her bare assertions of having done so.

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b). The Sixth Circuit requires a plaintiff to "(a) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 569-70 (6th Cir. 2008) (citations omitted).

First, Plaintiffs Complaint barely makes any mention of fraud or irregularity. The word "fraud" appears only once in the Complaint, where Plaintiff asserts that she "has a superior claim to the interest in the subject property because of her Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud and Constructive Trust on the part of the Defendants." This bare mention of fraud amongst a host of other allegations is insufficient to satisfy Plaintiff's burden of "a clear showing of fraud or irregularity" that is required to toll the redemption period.

Additionally, Plaintiff's response brief is equally deficient with respect to asserting fraud or irregularity. Amid other deficiencies, Plaintiff's response fails to specify: what purported

fraudulent statements were made by Defendant; when, where and by whom such statements were made; and why such statements were fraudulent. *See Dana Corp.,* 547 F.3d at 569–70. Instead, at the outset of her response, Plaintiff states only that "as discussed later in this brief, Plaintiffs [sic] have established fraud and irregularity." Yet, the remainder of her response fails to provide *any* factual assertions to support his claim of fraud or irregularity. As such, Plaintiff has failed to show that Defendant misled her to any extent, let alone to a degree constituting fraud or irregularity.

After expiration of the redemption period, Plaintiff lost all interest in the Property and therefore lacks standing to bring claims related to the Property. As such, it is not necessary for the Court to address Plaintiff's remaining claims.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Defendants' Motion to Dismiss [dkt 3] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
U.S. District Judge

Dated: August 7, 2012